## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Florence A. Hurtack,<br>　　　　　　　　Debtor<br><br>Florence A. Hurtack,<br>　　　　　　　　Debtor<br>　　v.<br><br>PNC Bank, N.A.,<br>　　　　　　　　Respondent | Chapter 13<br><br>Bankruptcy No. 17-10372 ELF<br><br>Motion for Contempt<br>(Document No. 12) |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. That on January 18, 2017, Debtor, Florence A. Hurtack, filed this Chapter 13 bankruptcy case, which case was later converted to a Chapter 7 proceeding on February 21, 2017.

2. That on February 8, 2017, Debtor filed a Motion for Contempt against PNC Bank, N.A. for allegedly violating the automatic stay provided by Section 362 of the United States Bankruptcy Code, 11 U.S.C. § 362.

3. That prior thereto, on August 7, 2015, PNC Bank, N.A. had commenced an action in ejectment for possession of property located at 372 Deerwood Lane, Quakertown, Pennsylvania, which had been sold at sheriff's sale on February 14, 2014 in the Court of Common Pleas of Bucks County, Pennsylvania, entitled *PNC Mortgage, a division of PNC Bank, National Association v. Judy L. Hurtack*, as of No. 2015-05595.

4. That on September 12, 2016, judgment for possession was entered in the aforesaid action in ejectment.

5. That a lock-out with the Sheriff of Bucks County had been scheduled for January 23, 2016, but then canceled on December 19, 2016.

6. That on January 27, 2017, PNC Bank, N.A. rescheduled the lock-out for February 10, 2017, which was then canceled due the bankruptcy filing by Debtor.

7. PNC Bank, N.A. has disputed Debtor's allegations that it was advised of the bankruptcy filing when it rescheduled for lock-out, or had otherwise been given notice of the bankruptcy filing.

8. Debtor has agreed to withdraw her Motion for Contempt with prejudice.

9. That PNC Bank, N.A. has agreed to allow Debtor until May 30, 2017 to vacate the property located at 372 Deerwood Lane, Quakertown, Pennsylvania.

10. That notwithstanding the time for vacating the property, PNC Bank, N.A. may immediately proceed to reschedule another lock-out with the Sheriff of Bucks County for a date after May 30, 2017.

11. That PNC Bank, N.A. shall be granted relief from the automatic stay with regard to its action for possession of the aforesaid property without the necessity of filing any motion requresting such relief.

12. That nothing in this Stipulation shall be considered either an admission of any wrongdoing by PNC Bank, N.A.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date: 4/24/17

_____
Thomas Puleo, Esquire
Attorneys for PNC Bank, N.A.

Date: 4/21/17
@ 9:07AM

_____
Allan K. Marshall, Esquire
Attorney for Debtor

Pge 2 of 3

This Stipulation is approved by the Court this _____ day of _____, 2017.

The Court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman

Page 3 of 3